**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14026

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

IMRAN AHMED SIDDIQI,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cr-00030-TPB-PRL-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Imran Siddiqi appeals his sentence of sixty months' imprisonment for transferring obscene material to a minor. Siddiqi argues that his sentence was substantively unreasonable for two reasons.

First, he contends that the district court gave inadequate weight to the sentencing guidelines range. Second, he contends that the district court gave inadequate weight to his mitigating evidence. After careful review, we **AFFIRM** the district court.

## I.

In 2015, Siddiqi agreed to pay an undercover law enforcement officer $125 to have sex with that officer's fictitious 12-year-old daughter. He traveled to meet the child, law enforcement arrested him, and he was convicted of traveling to meet a parent to solicit a child to commit a sex act. After this conviction, Florida law required him to register as a sex offender. He was sentenced to two years of community control followed by two years' probation. Siddiqi finished his probation in 2019.

Fewer than five years after he finished probation, Siddiqi began soliciting sex online from undercover Homeland Security agents posing as a 13-year-old female. Siddiqi messaged the undercover agents on Kik—a social media platform. Between January and March of 2024, Siddiqi sent the UCA dozens of sexually explicit messages. He tried to make plans to meet the UCA for sex four times. He sent her four pictures or videos of a penis and two videos of adults having sex. He also repeatedly asked her for naked pictures or videos. Throughout their messages, the UCA recurrently reminded Siddiqi that she was thirteen years old.

A grand jury indicted Siddiqi for transferring obscene material to a minor in violation of 18 U.S.C. § 1470 (count one) and committing a felony offense involving a minor victim while registered

as a sex offender in violation of 18 U.S.C. § 2260A (count two). Siddiqi pleaded guilty to both counts without a plea agreement.

The presentence investigation report included Siddiqi's prior sex offense. Because of his criminal history, the presentence investigation report assigned Siddiqi a criminal history category of I. *See* U.S.S.G. § 4A1.1(c), Ch. 5, Pt. A, Sentencing Table. For transferring obscene material to a minor, it assigned Siddiqi a base offense level of ten under U.S.S.G. § 2G3.1(a). The presentence investigation report decreased Siddiqi's offense level by two points under U.S.S.G. § 3E1.1(a) to eight because he accepted responsibility for his offense. For a total offense level of eight and criminal history category of I, the guidelines recommended a sentencing range of zero to six months for his offense of transferring obscene material to a minor. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The sentencing guidelines recommended—and 18 U.S.C. § 2260A required—a ten-year consecutive sentence for his offense of committing a felony involving a minor victim while registered as a sex offender. *See* U.S.S.G. § 2A3.6(b).

The district court began Siddiqi's sentencing hearing by acknowledging these guidelines twice. It then heard Siddiqi's mother, his sister, and Siddiqi testify about his commitment to his family, service to his community, and mental health struggles. After this testimony, the district court considered all the section 3553(a) factors and took account of Siddiqi's arguments. It then imposed the mandatory ten-year consecutive sentence for Siddiqi's section 2260A violation and an additional five-year sentence—four-and-a-

half years above the guidelines range and five years below the statutory maximum—for his section 1470 offense.

The district court varied Siddiqi's sentence upwards because it found that he "poses a grave danger to the public." Doc. 79 at 33. It emphasized that Siddiqi repeatedly sent sexually explicit messages to someone who he believed was a thirteen-year-old female after he had already been convicted of trying to have sex with a twelve-year-old female. The district court explained that Siddiqi's messages were graphic, and it read some of his messages aloud to explain why it went above the guidelines.

The district court concluded that the danger that Siddiqi posed to the public warranted varying above the guidelines by nine-and-a-half years. But because Siddiqi pleaded guilty and presented mitigating information, the district court decided to vary upwards by only four-and-a-half years.

Siddiqi objected to the substantive reasonableness of his five-year sentence for transferring obscene material to a minor and timely appealed.

## II.

We review a challenge to the reasonableness of a sentence under the abuse of discretion standard. *See United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court abuses its discretion and imposes a substantively unreasonable sentence "only when it '(1) fails to afford consideration to relevant factors that were due significant

weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). We will vacate a sentence for committing a clear error of judgment in considering the proper factors only if we are left with the "definite and firm conviction" that the district court "arriv[ed] at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *Irey*, 612 F.3d at 1190). A district court has discretion "to attach great weight to one factor over others." *See United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (quoting *Rosales-Bruno*, 789 F.3d at 1254). Siddiqi bears the burden of proving that his sentence is unreasonable in light of the section 3553(a) factors and the facts of this case. *See id.* (citing *United States v. Hall*, 965 F.3d 1281, 1297 (11th Cir. 2020)).

## III.

We begin with Siddiqi's arguments that the district court gave inadequate weight to the guidelines because it did not treat the guidelines range as a benchmark for Siddiqi's sentence. A district court must treat the guidelines range as "the starting point and the initial benchmark" for its sentencing decisions. *United States v. Fowler*, 749 F.3d 1010, 1021 (11th Cir. 2014) (quoting *Peugh v. United States*, 569 U.S. 530, 536 (2013)). When a district court decides to impose a non-guidelines sentence based on the section 3553(a) factors, it must consider the extent to which a potential sentence

varies from the guidelines range and provide a justification that is "sufficiently compelling to support the degree of the variance." *See id.* (quoting *Peugh*, 569 U.S. at 541)

Siddiqi argues that the district court failed to meet these standards in three ways. First, Siddiqi argues that the district court treated the statutory maximum for transferring obscene material to a minor—not the guidelines—as its initial benchmark. Second, Siddiqi argues that the district court did not appropriately consider the guidelines range when it evaluated the section 3553(a) factors. Third, Siddiqi argues that the district court did not give the guidelines range real weight and imposed an unreasonable sentence. We disagree.

The sentencing record reflects that the district court treated the guidelines as its initial benchmark and appropriately considered the guidelines range when it evaluated the section 3553(a) factors. The district court began Siddiqi's sentencing hearing by considering the guidelines twice. The district court acknowledged and explained its variation from the guideline range when it described the nature of Siddiqi's offense, Siddiqi's criminal history, and the need to protect the public—all proper section 3553(a) factors. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C).

Because the district court used the guidelines as a starting point to explain its decision to vary upwards, we cannot say it failed to give the guidelines real weight. *See Peugh*, 569 U.S. at 542 (citations omitted). "[I]f the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the*

*Guidelines are in a real sense the basis for the sentence." See id.* (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion)) (citation omitted). Here, the district court used the guidelines range as the beginning point to explain its variation because it explained in detail why it "went above the [g]uidelines." Doc. 79 at 33. Because the district court used the guidelines as its starting point to explain its upward variation, the district court gave the guidelines range real weight.

The district court also provided a sufficiently compelling justification for its upwards variance from the guidelines range. The district court considered "the nature" of Mr. Siddiqi's offense, *see* 18 U.S.C. § 3553(a)(1), when it read aloud the graphic messages that he attempted to send to a thirteen-year-old female. The district court also considered Siddiqi's "history" of committing another crime that it viewed as basically "the same thing." *See* 18 U.S.C. § 3553(a)(1); Doc. 79 at 23, 32–33. It explained that Siddiqi had already been "convicted and labeled as a sex offender for" trying to arrange a meeting with a twelve-year-old female for sex. Doc. 79 at 33. The district court considered a third section 3553(a) factor—the need to protect the public—when it repeatedly found that Siddiqi "pose[d] a grave danger to the public." *See* 18 U.S.C. § 3553(a)(2)(C); Doc. 79 at 21, 23, 31–33.

The district court had discretion to attach great weight to each of these factors. *See Olson*, 127 F.4th at 1276 (citing *Rosales-Bruno*, 789 F.3d at 1254). It relied on them to impose a sentence that is five years below the statutory maximum, *see* 18 U.S.C. § 1470, an

"indication that [its] sentence is substantively reasonable," *see Riley*, 995 F.3d at 1278. We are not left with the "definite and firm conviction" that it arrived at an unreasonable sentence. *See Riley*, 995 F.3d at 1278 (quoting *Irey*, 612 F.3d at 1190). Because we cannot say that the district court imposed an unreasonable sentence after it considered the guidelines and factors, the district court appropriately considered the guidelines when it considered the section 3553(a) factors.

## IV.

We turn to Siddiqi's arguments that the district court gave inadequate weight to his mitigating evidence. Siddiqi argues that the district court failed to properly consider his mitigating evidence in two ways. First, Siddiqi contends that the district court gave insufficient attention to his commitment to his family. Second, Siddiqi argues that the district court did not reasonably balance his mitigating evidence with the guidelines range. We disagree.

First, the sentencing record establishes that the district court did consider Siddiqi's commitment to his family because it reflects that the district court acknowledged Siddiqi's arguments. The district court had no obligation to specifically discuss Siddiqi's mitigating evidence about his family. *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (citing *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007)). It had only to generally acknowledge that it considered his arguments and the section 3553(a) factors. *See id.* (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)). The district court made that acknowledgment when it said that it

considered "all of the factors" in section 3553(a) and Siddiqi's arguments. Doc. 79 at 26, 31. Because the record establishes that the district court generally acknowledged Siddiqi's arguments, it also proves that the district court considered his mitigating information.

Second, even considering Siddiqi's mitigating evidence, the record does not leave us with the "firm conviction" that Siddiqi's sentence is unreasonable. *See Riley*, 995 F.3d at 1278 (quoting *Irey*, 612 F.3d at 1190). The district court had discretion to give little weight to Siddiqi's mitigating evidence. *See Butler*, 39 F.4th at 1357. As we discussed above, the factors that it did weigh heavily led it to a sentence that we cannot say is unreasonable. Because we cannot say that the district court reached an unreasonable sentence, the district court did not commit a "clear error of judgment" when it weighed Siddiqi's mitigating characteristics.

## V.

We **AFFIRM** the district court's sentence of sixty months' imprisonment for transferring obscene material to a minor.